IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                          Nos.  07-40117-01-SAC
                                            10-4123-SAC

JAMES NELSON FULTON,

        Defendant.

MEMORANDUM AND ORDER

        This case is before the court on the defendant's motion for relief

pursuant to 28 U.S.C. § 2255 (Dk. 63) supported by a memorandum of law

(Dk. 64). The government has filed its response opposing the motion. (Dk.

69). The defendant filed a pleading entitled a "traverse" that was docketed

as his reply. (Dk. 70). The case is ready for decision.

**BACKGROUND**

        On October 31, 2007, the grand jury returned an indictment

against the defendant with three charges: Count One, possession with the

intent to distribute approximately 63 grams of cocaine hydrochloride on

March 30, 2007, in violation of 21 U.S.C. § 841(a)(1) with reference to 21

U.S.C. § 841(b)(1)(C); Count Two, use of a telephone on May 7, 2007, to

facilitate the drug transaction charged in count 3 in violation of 21 U.S.C. §

843(b); and Count Three, possession with intent to distribute approximately

1 kilogram of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1)

with reference to 21 U.S.C. § 841(b)(1)(B).  Approximately a week before

the jury trial on these charges commenced, the government filed an

information pursuant to 21 U.S.C. §  851 that stated in relevant part:

> 1.  JAMES NELSON FULTON, the defendant herein, is currently charged with a violation of Title 21, United States Code, Section 841, in an Indictment returned on October 31, 2007.

> 2.  The United States Attorney charges that JAMES NELSON FULTON, upon conviction of Count 3 of the Indictment, shall be sentenced to increased punishment by reason of the following prior final criminal conviction for a felony, under the provision of subchapter I, Title 21 of the United States Code, to-wit:

>> Attempted Possession With Intent to Distribute Cocaine, a Drug Severity Level 3, Nonperson Felony, in violation of K.S.A. § 21-3301 and § 65-4161a, in the District Court of Shawnee County, Kansas, case number 98CR2130.

>> Conspiracy to Possess Cocaine With Intent to Distribute, A Drug Severity Level 3, Nonperson Felony, in violation of K.S.A. § 65-4161a in the District Court of Shawnee County, Kansas, case number 98CR2130.

(Dk. 20, pp. 1-2).  The jury trial commenced on March 12, 2008, and on

March 14, 2008, the jury returned a verdict of guilty on all three counts.

The court filed a memorandum and order (Dk. 38) denying the defendant's

motion for judgment of acquittal notwithstanding the verdict (Dk. 37).  At the

sentencing hearing on August 26, 2008, the court sentenced the defendant

to a total term of custody of 120 months that was the mandatory minimum

term of imprisonment for count three, 21 U.S.C. §  841(b)(1)(B), because of

the defendant's prior felony drug conviction.

The defendant took a direct appeal to the Tenth Circuit

challenging first, the admissibility of the confidential informant's testimony

on the defendant's prior purchase of cocaine on December 31, 2006, and

second, the sufficiency of the evidence to sustain the jury's verdict of no

entrapment.  The court affirmed his conviction, and the defendant did not

seek certiorari.  The defendant has timely filed his motion for relief under

28 U.S.C. § 2255.

**ISSUES**

The defendant argues his counsel were ineffective (a) in not

objecting to the lack of compliance with § 851 and (b) in not raising or

arguing sentencing manipulation/entrapment.  Under (a), the defendant

alleges his trial and appellate counsel were ineffective in not challenging

the § 851 notice as insufficient in that it failed to notify him both of the

additional length of the enhanced sentence and of the statutory

subparagraph that specified this longer sentence.  In arguing prejudice, the defendant asserts his trial counsel did not "explain 'clearly'" the statute under which his sentence would be enhanced and the length of the enhancement.  (Dk. 64, p. 8).  Under (b), the defendant argues the government's use of a reverse sting to sell him the kilogram of cocaine was done solely to expose him to a longer sentence.  The defendant complains his counsel at trial, sentencing and on appeal should have raised and argued "'sentence manipulation/entrapment' under the 'outrageous governmental conduct' defense doctrine" so as to require the government's proof that the reverse sting "was not purely to manipulate the . . . sentence . . . to expose him to a higher drug penalty range."  (Dk. 64, p. 12).

**GENERAL § 2255 STANDARDS**

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct

4

appeal but were not." *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006). A movant may overcome this procedural bar by showing either of "two well recognized exceptions." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005). First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered. *Id*. Cause may "be established by showing that counsel rendered constitutionally ineffective assistance." *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted). Second, the "'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Cervini*, 379 F.3d at 990 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The court is to hold an evidentiary hearing "unless the [§ 2255] motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). The defendant has the burden to allege facts that would entitle him or her to relief upon proof. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized,

not general or conclusory." *Id.* The court may forego an evidentiary hearing if the movant's factual allegations are "contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Caraway*, 2010 WL 3721689 at *2 (D. Kan. Sept. 15, 2010) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments")). A hearing is unnecessary here, for the record and the reasons stated hereafter conclusively establish that the defendant is not entitled to relief on his claims.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI; *Kansas v. Ventris*, 129 S.Ct. 1841 (2009). To prevail on a claim of ineffective assistance of counsel, the defendant must prove two prongs: first, "that his 'counsel's representation fell below an objective standard of reasonableness,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984)," and second, "'that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different,' *id*. at 694."

*United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2005). "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland v. Washington*, 466 U.S. at 697.

On the first prong of objective reasonableness, a court may not find a constitutional deficiency unless defense counsel's performance is "completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999), *cert. denied*, 528 U.S. 1167 (2000). Proof must show the counsel's conduct was not "within the wide range of competence demanded of attorneys in criminal cases." *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotation and citations omitted). A court is highly deferential in its review of the attorney's performance. *Strickland*, 466 U.S. at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *see United States v. Holder*, 410 F.3d 651, 654 (10th Cir. 2005). "The reasonableness of counsel's

performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 281 (1986). The sentencing is a critical part of the criminal proceedings, and a defendant is guaranteed effective assistance of counsel at this stage. *See United States v. Washington*, 619 F.3d 1252, 1258 (10th Cir. 2010).

The movant's burden here on the second prong of prejudice is to show that but for counsel's constitutionally ineffective performance there was a reasonable probability that the outcome of his sentence would have been different. *See Strickland*, 466 U.S. at 694; Boyd v. Ward, 179 F.3d at 914. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If a sentencing counsel fails to object or argue a matter with the result of a longer sentence, this suffices to establish prejudice. *Glover v. United States*, 531 U.S. 198, 203-04 (2001).

## § 851 NOTICE AND COLLOQUY

Section 851 provides in relevant part that:

(a) Information filed by United States Attorney
(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of

guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

. . . .

(b)  Affirmation or denial of previous conviction

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851.  "'A district court cannot impose an enhanced sentence unless the Government complies with § 851(a)'s requirements.'"  *United States v. Hood*, 615 F.3d 1293, 1302 (10th Cir. 2010) (quoting *United States v. Balderama-Iribe*, 490 F.3d 1199, 1204 (10th Cir. 2007)), *cert. denied*, 79 U.S.L.W. 3478 (Feb. 22, 2011).  If the government gives notice that meets § 851(a)(1)'s requirements, then that is generally "sufficient to satisfy the statute."  *United States v. Balderama-Iribe*, 490 F.3d at 1204 (citation omitted).

The defendant's first challenge is that the government's filed §

851 information does "not give 'clear notice' as to the instant offense the Petitioner was charged with."  (Dk. 64, p. 2).  The plain terms of the filed information prove this challenge to be factually baseless.  They expressly remind the defendant that he is charged with a violation of 21 U.S.C. § 841 and, in particular, as set forth in count three of the indictment returned on October 31, 2007.  (Dk. 20).  The information tells the defendant that he will face increased punishment upon a conviction on count three pursuant to "subchapter I, Title 21 of the United States Code" based on the described prior felony convictions.  *Id.*  On its face, the information notifies the defendant of the instant offense with which he is charged and the count on which he could face increased punishment.  More importantly, the defendant points to nothing in § 851 that requires a information to include these additional disclosures as he challenges.  Because the defendant's § 2255 argument is that his counsel were ineffective in omitting this issue and that issue here fails on its merits, the defendant is unable to establish prejudice, that is, his counsel were ineffective in not raising it.   *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006).

The defendant also challenges that the government's § 851 information fails "to give 'clear notice' as to the amount of time the

Petitioner would receive if convicted of Count Three as a result of the § 851 Information." (Dk. 64, p. 4). The defendant also complains that the government's information fails "to properly inform the Petitioner as to the statutory provision for the instant offense for which the enhancement provision applied." *Id*. at 5. The court finds these arguments devoid of merit as well. Courts have recognized a purpose of the § 851 notice to "enable[] the defendant to make an informed choice about whether to plead guilty or to go to trial." *Balderama-Iribe*, 490 F.3d at 1205. This purpose does not empower a court to rewrite the statute. Neither the express terms of § 851 nor the cases cited by the defendant[1] require the government's

---

[1]The Tenth Circuit in *Balderama-Iribe* observed that the § 851 notice filed there gave "clear notice that he faced a mandatory life sentence if convicted on count one." 490 F.3d at 1205 What the court did not hold nor imply in its holding is that § 851 requires the government's information to disclose the length of the possible enhanced sentence. The defendant in *Balderama-Iribe* conceded the information was adequate under § 851 but argued that the prosecutor had "negated this notice" by indicating at a subsequent pretrial hearing that the defendant was subject to a different mandatory minimum sentence. 490 F.3d at 1201. Thus, the appellate court was concerned with whether the defendant could claim prejudicial confusion over the prosecutor's subsequent misstatement, and so the court focused on how the information's content disproved or dispelled such confusion. *Id*. at 1204-06. Similarly, in *United States v. Morales*, 560 F.3d 112 (2nd Cir.), *cert. denied*, 129 S. Ct. 2816 (2009), the court addressed an § 851 information that "went beyond accurately describing the prior felony and added potentially misleading information." *Id*. at 113. *See also United States v. Arnold*, 467 F.3d 880 (5th Cir. 2006) (§ 851 information cited the wrong subparagraph of § 841(b) and created possible confusion for the

information to set forth the length of any enhanced sentence or the applicable statutory provision. Courts have rejected efforts to read such requirements into § 851. *See, e.g., United States v. Morales*, 560 F.3d 112, 114 (2nd Cir. 2009) ("Section 851 does not require that a prior felony information identify the statutory basis of a proposed enhancement or its length."); *United States v. Gonzalez*, 2011 WL 200136, at *14 (11th Cir. 2011) ("Section 851(a) does not require that the information include the statutory section that authorizes an enhanced penalty or the exact length of the sentence that the government intends to seek."); *United States v. Hernandez*, 330 F.3d 964, 986 (7th Cir. 2003) ("[T]he language of § 851(a) does not require that the government set forth which enhanced penalty it will seek in cases where there is more than one available."), *cert. denied*, 541 U.S. 904 (2004); *United States v. Vanness*, 85 F.3d 661, 664 (D.C. Cir. 1996) (Congress in § 851(a) has not required "the government to notify the defendant of the legal consequences of those convictions."). "[T]he

_____

defendant as to the applicable statutory range), *cert. denied*, 550 U.S. 964 (2007). This is not the factual situation here, for the government's § 851 information is neither inaccurate nor contains any misleading information, and the defendant is not challenging the prosecution for having made any subsequent misstatements on the possible enhanced sentence. Consequently, the particular holdings in those decisions are plainly distinguishable and inapplicable here.

purpose of allowing a defendant to determine whether to plead or to adjust his or her trial strategy is also satisfied," by the information properly identifying the prior conviction without any "misleading statements" since counsel can research and determine applicable penalties.[2]  *United States v. Morales*, 560 F.3d at 116.  There is no merit to the defendant's argument that § 851 required such disclosures.  Consequently, his sentencing counsel and appellate counsel were not ineffective in failing to raise this issue.

The defendant complains his counsel acted unreasonably in not objecting at sentencing and in not raising on appeal the sentencing court's failure to follow the colloquy procedure under § 851(b).  The

---

[2]The defendant offers that his trial/sentencing counsel "did not explain 'clearly as to what statute his sentence was being enhanced under, or how much time he would receive under the enhancement provision." (Dk. 64, p. 8).  The transcript of the defendant's arraignment hearing confirms that the Magistrate Judge specifically advised the defendant of the enhanced penalty on count three.  (Dk. 68, pp. 9-10).  The defendant told the court that he understood the potential penalties facing him upon a conviction.  *Id.* at 10.  This confirms that the defendant had actual notice of the possible enhanced penalty for a count three conviction.  *See United States v. Bell*, 283 Fed. Appx. 628, 631, 2008 WL 2599790 at *2 (10th Cir. 2008) (even assuming defense counsel gave erroneous information, "the magistrate judge correctly informed Defendant of the possible sentences and cured any prejudice that could have resulted from counsel's representations.").

transcript of the sentencing hearing does not show that the sentencing court first asked the defendant whether he did affirm or deny the prior convictions and then informed the defendant that he had to challenge the prior convictions before imposition of sentence.  The defendant's prior convictions occurred in 1999, and the government filed the information in March of 2008.  It was harmless error for the court to omit the § 851(b) colloquy, because § 851(e) precluded the defendant from challenging his prior convictions for both of them "occurred more than five years before the date of the information alleging" them.  *See United States v. Henderson*, 613 F.3d 1177, 1185 (8th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3435 (Jan. 10, 2011) (No. 10-91).  Alternatively, the defendant does not articulate any challenges that he could have made, successfully or not, if the court had given him the § 851(b) warning.  In sum, the defendant has not demonstrated any prejudice from sentencing counsel's failure to request the colloquy, and if this had been raised on direct appeal, the court of appeals would have found this omission to be harmless error.  Unable to demonstrate prejudice, the defendant's claim of ineffective assistance fails.

Finally, the defendant asserts that the above alleged violations deprived the court of jurisdiction to enhance his sentence.  The

requirements of § 851(a)(1) are not jurisdictional but "fall neatly within the category of a claim-processing rule." *United States v. Flowers*, 464 F.3d 1127, 1129-30 (10th Cir. 2006). The Tenth Circuit has not abandoned this rule but continues to cite and rely upon it. *See also United States v. Davis*, ---F.3d---, 2011 WL 668117 (Feb. 25, 2011). The defendant reads *Carachuri-Rosendo v. Holder*, ---U.S.---, 130 S. Ct. 2577 (2010), as having effectively overruled *Flowers* and elevated § 851's procedural requirements to jurisdictional in nature. The Supreme Court there described the requirements as mandatory consistent with its prior opinion in *United States v. LaBonte*, 520 U.S. 751, 754 n. 1 (1997), and with cited court of appeals' decisions including *United States v. Beasley*, 495 F.3d 142, 148 (4th Cir. 2007), *cert. denied*, 552 U.S. 1242 (2008); *United States v. Ceballos*, 302 F.3d 679 (7th Cir. 2002), *cert. denied*, 537 U.S. 1136 (2003). The Supreme Court in *Carachuri* does not hold that § 851's requirements are jurisdictional or that it was overruling those circuits which had found these requirements to be non-jurisdictional. Indeed, the Supreme Court cited *Beasley* as consistent with its holding, and the circuit in *Beasley* explicitly held the requirements were mandatory but not jurisdictional. 495 F.3d at 147-48. *See also Ceballos*, 302 F.3d at 692 ("§ 851(a)'s procedural

15

requirements are not jurisdictional.")  There is no plausible basis for
believing the Supreme Court overruled or modified the precedential value
of *Flowers*.

**SENTENCING MANIPULATION/ENTRAPMENT**

Under this title, the defendant frames two related issues around
the charge and proof that defendant's purchased of one kilogram of
cocaine from an undercover agent on May 9th.  He challenges first that his
trial counsel was ineffective in not raising sentencing entrapment based on
outrageous governmental conduct.  He also argues that his appellate
counsel was ineffective in not presenting this issue on appeal.  The record
in this case conclusively establishes that the defendant is entitled to no
relief on both argued issues.

At trial, the defendant did not challenge the government's
evidence on the two charged transactions, as he relied on a theory of
entrapment.  The first transaction was the defendant's sale of 63 grams of
powder cocaine to the confidential informant in March of 2007.  When
called about making another sale, the defendant told the confidential
informant in April that his supply was "dry."  Officers decided to reverse the
arrangements and directed the confidential informant to learn if the

defendant was interested in buying from the informant's supplier who would be an undercover agent. The defendant expressed interest and met with the undercover agent who was posing as a drug supplier. The meeting occurred at the defendant's residence. The agent wanted this personal meeting in advance of the transaction in order "to determine that Mr. Fulton actually wanted to commit this criminal conduct." (Dk. 53, p. 240). A recording was made of this meeting, and it included discussions over current prices and on using "clean" phones and code language referring to automobiles and rims. (Dk. 53, pp. 246-248).

On May 7th, the confidential informant telephoned the defendant and arranged for the transaction that occurred on May 9th when the defendant followed the undercover agent and confidential informant to a hotel room in Topeka, Kansas. *Id.* at 70, 77, 249-50. During the transaction, the defendant requested a knife with which he cut into the packaged cocaine and tasted it for purity. *Id.* at 80. Satisfied with the situation, the defendant left the room and retrieved money from his car. *Id.* Upon returning to the room, the defendant put $18,000 on the bed and while the money was being counted there was talk of future purchases. *Id.* at 80-81. The defendant also indicated that other individuals had contacted

17

him about buying cocaine on May 8th but that he did not purchase from them as he had this deal already arranged.  *Id*. at 85.  There was an audio and video recording also made of this transaction.

At trial, the defendant testified that the confidential informant had coerced him into dealing drugs by persistently claiming financial need and exploiting their friendship.  On direct examination, the defendant explained his motives behind this May 9th transaction:

> I already told him, I said-- I said:  Man, I don't want to do this.  But then in the same time, I was like, well, maybe I can make something off of it if we could do it.  And I was like maybe this is my big ticket out of here.  You know, I had a dream, I just wanted to leave Topeka.  I just want to go somewhere and start all over.  And I was like, well, maybe I could do it one more time with you.

(Dk. 54, p. 346).  On cross examination, the defendant testified that the money used in the May 9th transaction was put up by three other individuals.  *Id*. at 367.  The defendant explained that he was just the middle man who exchanged the cash and cocaine for the three individuals but that he expected to be compensated for his role.  (Dk. 54, p. 369).  After which he was reminded of his testimony on direct about financial dreams, and the  defendant also offered:

> A.    Because I wanted to get out of the game, and I wanted to have-- have something to lean on.  And maybe that would help me get further.

Q. So you were looking for money out of the deal?

A. Yeah. I was hoping that I was going to have something that I could get forward with that would help me doing-- I was doing horrible at the time financially. But I wouldn't have done it at all without Marcus' leading me on to thinking I was chasing a dream of-- of financially being-- of coming-- you know, it wouldn't have been like that.

*Id.* at 369-70.

The trial court submitted the case to the jury with an instruction on entrapment as this was the defendant's defense. The jury found the defendant guilty on all counts, and the district court denied the defendant's motion for acquittal notwithstanding the verdict based on entrapment. (Dk. 38). The defendant directly appealed his conviction arguing, in part, that the evidence did not sustain the jury's finding that he was not entrapped. The Tenth Circuit affirmed:

There is evidence of Mr. Fulton's possession of cocaine prior to government intercession, his unsolicited December 2006 cocaine purchase, his desire to use the profits to move from Topeka, and his knowledge of drug transactions. Under the applicable standard, the evidence is sufficient to support the jury's disbelief of his entrapment defense.

(Dk. 62-1, p. 8).

The defendant simply argues the government's use of a reverse sting to sell him the kilogram of cocaine was done solely to expose him to a longer sentence. The defendant complains his counsel were

19

ineffective in not raising and arguing the same as sentencing

manipulation/entrapment under the outrageous governmental conduct

doctrine.[3]  The government aptly responds that the defendant is unable to

show the argument of this issue would have probably resulted in a different

sentence, because the sentencing court here imposed the mandatory

minimum ten-year sentence to which the defendant was subject by reason

of the § 851 information.  Consequently, the sentencing court lacked any

discretion to impose a lower sentence for sentencing entrapment and the

appellate court had no power to vacate the sentence on that ground.

The Tenth Circuit recently restated the law governing

sentencing entrapment:

Before *Booker*, this Court analyzed claims of sentencing entrapment

_____

[3]The court does not construe the defendant's motion as alleging
ineffective counsel for failure to raise before the district court the separate
due process defense of outrageous governmental conduct.  *See United
States v. Pedraza*, 27 F.3d 1515, 1521 (10th Cir.) (Under the Due Process
Clause of the Fifth Amendment, courts may halt prosecutions involving
outrageous governmental conduct during the investigation), *cert. denied*,
513 U.S. 941 (1994).  The defendant here limits his arguments to the
government employing the reverse sting only to increase the length of his
sentence.  "'It is not outrageous for the government . . . to induce a
defendant to repeat, continue, or even expand previous criminal activity.'"
*United States v. Garcia*, 411 F.3d 1173, 1182 (10th Cir. 2005) (quoting
*United States v. Pedraza*, 27 F.3d at 1521) .  "'In inducing a defendant to
repeat or expand his criminal activity, it is permissible for the government to
suggest the illegal activity.'"  *Id.*

or manipulation under the rubric of "outrageous governmental conduct." *United States v. Lacey*, 86 F.3d 956, 963 (10th Cir. 1996). This is a due process principle allowing a court to modify a sentence if, considering the totality of the circumstances, "the government's conduct is so shocking, outrageous and intolerable that it offends 'the universal sense of justice.'" *Id.* at 964. While *Lacey* stopped short of recognizing sentencing factor manipulation as a separate defense, it held that outrageous governmental conduct may warrant a downward departure in an extreme case. *Id.* at 963. When *Lacey* was decided, the sentencing guidelines were mandatory and outrageous governmental conduct was a basis for a downward departure.

While *Booker* made application of the sentencing guidelines advisory rather mandatory, it did not impact pre-existing law concerning the interpretation of any sentencing guideline or expand the availability of departures under the sentencing guidelines. 543 U.S. at 264-65, 125 S.Ct. 738. Instead, *Booker* allows district courts to exercise discretion to vary from the guideline range if a variance would be appropriate under the § 3553(a) factors. The Eighth Circuit has recently addressed the difference between a departure for sentencing factor manipulation and a variance under the § 3553(a) factors. In drug cases, the Eighth Circuit authorizes district courts to depart downward if the government extends a criminal investigation for the sole purpose of increasing the drug quantities for which a defendant is responsible. *United States v. Torres*, 563 F.3d 731 (8th Cir.2009). *Booker* did not change prior Eighth Circuit law relating to departures for sentencing factor manipulation. *See id.* at 734-35. However, after *Booker*, a claim of sentencing factor manipulation may also be raised as a request for a variance based on § 3553(a)'s requirement that a district court consider the "nature and circumstances of the offense." *Id.* Although *Booker* provided another avenue for the defendant in *Torres* to raise a claim of sentencing factor manipulation, *Booker* did not alter the substantive law concerning the availability of a departure for such manipulation.

We agree with the Eighth Circuit's holding in *Torres* and find that *Booker* did not alter the standard for a defendant to succeed on a claim of outrageous governmental conduct, but a defendant's claim of sentencing factor manipulation may also be considered as request for a variance from the applicable guideline range under the §

3553(a) factors.  *Lacey* is still good law to the extent that it governs a request for a downward departure for outrageous governmental conduct.

*United States v. Beltran*, 571 F.3d 1013, 1018-19 (10th Cir. 2009) (footnote omitted).  If the court had been presented with such an argument for a variance or departure based on sentencing manipulation,  it could not have imposed a shorter sentence here without running afoul of the statutorily prescribed mandatory minimum sentence.  *See United States v. Verners*, 103 F.3d 108, 111 (10th Cir. 1996) ("[D]istrict court has no discretion to depart from a statutory minimum sentence for § 3553(b) mitigating circumstances." (citation omitted)).  The defendant could not avoid this sentence as he had not provided substantial assistance, 18 U.S.C. § 3553(e), and he was not eligible for the safety valve, 18 U.S.C. § 3553(f). *See United States v. Altamirano-Quintero*, 511 F.3d 1087, 1089-90 (10th Cir. 2007), *cert. denied*, 553 U.S. 1019 (2008).  The defendant is unable to show prejudice in that there is no reasonable probability of a different sentence if this issue had been argued.

As now required by Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such a

22

certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 63) is denied;

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated this 19th day of April, 2011, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge